BOLIN, Judge.
Plaintiff, a breeder of basenji dogs for show and sale purposes, brought suit against Dr. Davis, a veterinarian, to recover damages for death of her dog allegedly caused by negligence of the latter in caring for the animal. Trial in the lower court resulted in judgment rejecting plaintiff’s demands and dismissal of the suit at her costs from which she appeals.
Plaintiff predicates her petition upon the Articles of the Louisiana Civil Code respecting deposit for hire and in the alternative upon the negligence of defendant or his employees in administering an allegedly ill-advised, improper or unsanitary injection of a distemper serum; improper post injection care; or use of unsterilized feeding pans or quarters infected with enteritis.
Since no written reasons were assigned by the lower court for its decision, tlie pertinent facts will be summarized by this court. On September 21, 1962, plaintiff left with the defendant six basenji dogs for boarding while she was out of the city. It was agreed plaintiff would compensate defendant for this service. The testimony reflects Dr. Davis advised Mrs. Bergwall to seek *325 board for her dogs elsewhere since his hospital was not equipped for boarding purposes. However, Mrs. Bergwall was not satisfied with the kennels suggested and hence, returned to defendant’s hospital and again asked him to board the dogs. Dr. Davis agreed only after insisting the dogs be allowed to have shots to immunize them during their stay. This was done, the dogs were left and the plaintiff took her remaining dogs to be shown on the Texas Show Circuit.
On her return October 22, 1962, plaintiff went to the hospital and five of the dogs were returned to her but she was informed the sixth, Curlicue Surprise Party, had died during her absence. She testified on the trial that Dr. Davis told her the dog died of enteritis and further, that he had made no autopsy. Dr. Davis testified, contrary to Mrs. Bergwall, that the dog had died from malnutrition because of its refusal to eat; that the dog was highly nervous and forced feeding was ineffective; and that the dog was given the proper care during its illness but he could do nothing to save it. In addition he testified he had called a local attorney who, he thought, could locate Mrs. Bergwall to inform her of the death of the dog, but the attorney had no knowledge of where she was nor how to get in touch with her.
Five witnesses, including two other veterinarians and three persons who ran boarding kennels in the area, testified on behalf of Dr. Davis. Their testimony was cumulative and persuasive to the effect that the procedure used by Dr. Davis, in the light of the difficulties encountered, were professionally proper and that nothing he had done indicated negligence or lack of care.
Appellant in brief reurges the applicability of LSA-Civil Code Article 2937, which delineates the duty of a compensated depositary to use the same diligence in preserving the deposit that he uses in preserving his own property. Our attention is also called to Article 2938 which provides that the provision of the previous article will be rigorously enforced if it has been agreed that he shall have a reward for preserving the deposit. Based on these codal provisions appellant contends she has established, by the mere failure of defendant to return her dog, a prima facie case of negligence against Dr. Davis and that he has not overcome the burden imposed upon him as a matter of law.
Conceding the applicability of the above articles for the purpose of this opinion, our review of the evidence convinces us Dr. Davis has amply borne the burden of proving his freedom from fault and has established that the death of the animal was due to other causes consistent with due care on his part. It follows as a matter of course plaintiff has failed to establish by a preponderance of evidence the negligence of defendant so as to entitle her to recover under her alternate demand.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.